Filed 7/20/23  P. v. Aguayo CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OCTAVIO ARELLANO AGUAYO,<br><br>    Defendant and Appellant. | 2d Crim. No. B323572<br>(Super. Ct. No. 22PT-00293)<br>(San Luis Obispo County) |

Octavio Arellano Aguayo appeals the judgment following a court trial extending his civil commitment as an offender with a mental health disorder (OMD).[1]  (Pen. Code, § 2972.)[2]  Aguayo contends the jury trial waiver by counsel was invalid because

———————————

[1] Effective January 1, 2020, the designation "mentally disordered offender" was replaced with "an offender with a mental health disorder."  (Pen. Code, § 2962, subd. (d)(3), as amended by Stats. 2019, ch. 649, § 1.)

[2] Undesignated statutory references are to the Penal Code.

substantial evidence did not establish his incapacity to waive jury. We agree and reverse for a new trial.

FACTUAL AND PROCEDURAL HISTORY

Aguayo was convicted of lewd acts on a child by force or violence (§ 288, subd. (b)), attempted kidnapping (§§ 664, 207, subd. (a)), and assault by a prisoner (§ 4501). He has been committed to the state hospital as an OMD since 2005.

The People filed a petition to extend his commitment. Aguayo appeared at a readiness conference remotely via Zoom with a Spanish language interpreter and defense counsel.

Counsel told the court he discussed the issue of a jury trial or a court trial with Aguayo, and "had significant reservations about whether or not [Aguayo] could understand and make a knowing and voluntary and intelligent election in that regard." The trial court stated, "Defense counsel's in a better position than the Court talking to a client through an interpreter on Zoom, which is the case here." The court said it would defer to defense counsel's opinion and proceed with the scheduled jury trial.

Defense counsel and the prosecutor said the court was required "to have a discussion with the patient" before making a determination whether Aguayo was competent to waive jury. The following colloquy then occurred:

"THE COURT: Okay. Okay. I'll do it. Okay. [¶] Now to the interpreter. Mr. Aguayo, do you understand that you have a right to a jury trial in this case?

"THE DEFENDANT: (No audible response).

"THE COURT: Okay. There's no response. [¶] Mr. Aguayo, do you understand what a jury trial is? [¶] Can you hear, first of all? Can you raise your hand or say 'yes' or 'no' to that?

"THE DEFENDANT: (No audible response).

2

"THE COURT: So he can hear. [¶] So the next question is, sir, do you understand what a jury trial means?

"THE DEFENDANT: (No audible response).

"THE COURT: He says 'no.' He's shaking his head 'no.' [¶] All right. That's the hearing."

The court found Aguayo was incapable of waiving jury trial. Counsel then waived jury on Aguayo's behalf.

At the court trial, two psychologists testified for the prosecution. The court sustained the petition and extended Aguayo's commitment for one year, until September 25, 2023.

DISCUSSION

In a hearing to extend an OMD commitment, "[t]he court shall advise the person . . . of the right to a jury trial." (§ 2972, subd. (a)(1).) "The trial shall be by jury unless waived by both the person and the district attorney." (§ 2972, subd. (a)(2).)

In *People v. Blackburn* (2015) 61 Cal.4th 1113, 1130 (*Blackburn*), our Supreme Court held: "In a section 2972(a) commitment extension hearing, the decision to waive a jury trial belongs to the defendant in the first instance, and the trial court must elicit the waiver decision from the defendant on the record in a court proceeding. But if the trial court finds substantial evidence that the defendant lacks the capacity to make a knowing and voluntary waiver, then control of the waiver decision belongs to counsel, and the defendant may not override counsel's decision. In this context, evidence is substantial when it raises a reasonable doubt about the defendant's capacity to make a knowing and voluntary waiver."

*Blackburn* noted that "every mentally disordered offender has previously been deemed competent to stand trial" and "many persons who suffer from mental illness or related disorders can

3

understand the nature of legal proceedings and determine their own best interests." (*Blackburn*, *supra*, 61 Cal.4th at pp. 1129, 1128.)

The court may not defer to the opinion of counsel but must make " 'an independent judicial determination of [defendant's] competence' " based on the record. (*People v. Lawley* (2002) 27 Cal.4th 102, 132 (*Lawley*) [competence to stand trial].) Evidence of incapacity " 'is substantial if it is reasonable, credible and of solid value.' " (*Id.* at p. 131.) The trial court's finding of incapacity here was not supported by substantial evidence.

" 'Evidence of incompetence may emanate from several sources, including the defendant's demeanor, irrational behavior, and prior mental evaluations.' " (*People v. Ghobrial* (2018) 5 Cal.5th 250, 270 [competence to stand trial].) The record here does not show that Aguayo acted irrationally during the hearing. The record does not show that the court reviewed mental evaluations before finding Aguayo incompetent to waive jury trial. (Cf. *Lawley*, *supra*, 27 Cal.4th at pp. 127-131 [court reasonably relied on two psychologists' reports which were based on interviews with defendant and review of his mental health records].) Although counsel expressed "significant reservations" about Aguayo's ability to waive jury, he did not describe the basis for his concerns. The trial court did not ask Aguayo any questions relevant to his mental competence. Nor did the court have any other evidence before it regarding Aguayo's capacity to make a knowing and voluntary waiver.

Aguayo's failure to answer whether he understood he had a right to a jury trial (after an inquiry regarding whether he could hear the proceedings at all) and his indication that he did not understand the right to a jury trial do not establish that he was

4

*incapable* of understanding the right.

Failure to obtain a valid jury waiver in an OMD case is reversible per se, regardless of the strength of the evidence at trial. (*Blackburn, supra*, 61 Cal.4th at pp. 1132-1134.) Accordingly, we reverse.

## DISPOSITION

The judgment is reversed and the matter is remanded for a new trial.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

5

Michael B. Sheltzer, Judge
(Retired Judge of the Tulare Sup. Ct. assigned by the Chief
Justice pursuant to art. VI, § 6 of the Cal. Const.)

Superior Court County of San Luis Obispo

—————————————————

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.